IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| E. MICHELLE WORTHINGTON, <br> on behalf of minor child, J.W., <br> <br> Plaintiffs, <br> <br> v. <br> <br> <br> ELMORE COUNTY BOARD OF <br> EDUCATION, et al., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br> <br> <br> <br> <br> CIVIL ACTION NO.  2:04CV201-VPM <br> [WO] |

**ORDER ON MOTION**

Pending before the court is the defendants' [collectively "Board"] motion to tax costs on appeal against the plaintiff ["Worthington"] (Doc. # 144-1) pursuant to Rule 39(e) of the Federal Rules of Appellate Procedure.  Specifically, the Board seeks to recover the costs associated with obtaining a written transcript of the trial proceedings, which the Board contends "was a necessary expense for the appeal." *Id.* at ¶ 4.  While the Board's status as the prevailing party is not disputed and Worthington does not argue that obtaining the transcript was unnecessary, she nonetheless contends that the Board is precluded from recovering the costs sought (Doc. # 146-1).

Having considered the parties' legal arguments and evidence in support thereof, the court finds that the motion should be granted.

**DISCUSSION**

"Where a judgment is affirmed by . . . a court of appeals, the <u>*court* in *its* discretion</u> may adjudge to the prevailing party just damages for his delay, and single or double costs," 28 U.S.C.A. § 1912 (2000) (emphasis added), which are further specified in 28 U.S.C.A. § 1920 *et seq.* The relevant rule states that "unless the law provides *or the <u>court</u> orders otherwise* . . .[,] if a judgment is affirmed, costs *are* taxed against the appellant . . .." Fed. R. App. P. 39(a) (emphasis added). In addition, certain specified costs, including the costs for "the reporter's transcript, if needed to determine the appeal," are "taxable in the district court for the benefit of the party entitled to costs under this rule . . .." Fed. R. App. P. 39(e).

Worthington contends that the Board is not entitled to the costs of obtaining the transcript because the "Eleventh Circuit has Ordered that 'each party bears their [sic] own costs on appeal'" (Doc. # 146-1, p. 2). The Court of Appeals issued no such order, however, and Worthington relies only on a letter signed and issued by the Clerk of the Court of Appeals (Doc. # 146-3, p. 2).[1] The Clerk's letter is not a part of the Court's opinion or its mandate (Docs. ## 148-149).

The relevant statutes and federal rules do not empower the Clerk to determine *whether* and *against whom* costs should be taxed. 28 U.S.C.A. § 1912; Fed. R. App. P. 39; 11th Cir. R. 39-1 *et seq.* In fact, except when the "court orders otherwise" and assuming the prevailing

---

[1] In relevant part, the letter, titled "Memorandum to Counsel or Parties," states, "Pursuant to Fed. R. App. P. 39, each party bears their own costs on appeal," and it is signed, "Sincerely, THOMAS K. KAHN, Clerk" (Doc. # 146-3, p. 2).

party has complied with the rule's requirements, in accordance with Rule 39, the circuit court clerk has no discretion and "must prepare and certify an itemized statement of costs for insertion in the mandate" unless the Court's mandate has already issued, in which case, the district court clerk will be responsible for amending the mandate. Fed. R. App. P. 39(d).

Worthington's argument implicitly suggests that a statement by the Clerk enjoys the prominence of an edict from the Court. Worthington has failed, however, to cite any legal support for this unusual proposition, and the court is categorically unpersuaded.[2]

---

[2] At least as puzzling as the odd legal foundation for Worthington's objection is its apparent effect on the Board's counsel. With the Board's reply to Worthington's objection, the Board's attorney, Clay R. Carr, submitted an affidavit that stated, in relevant part, as follows:

> Upon receipt of the Eleventh Circuit Clerk's letter returning the defendants' Cost Bill as unfiled . . ., I contacted Jenifer [sic] Tubbs, who is listed on clerk's letter as the reply contact. I asked Ms. Tubbs whether the denial of costs in the Eleventh Circuit also precluded taxation of costs in the District Court pursuant to Rule 39(e), FRAP. Ms. Tubbs, who is an Assistant Supervisor in the Eleventh Circuit Clerk's office, consulted with others in the Clerk's office, and then responded that it was their interpretation that the Eleventh Circuit's Order has no effect on those costs taxable in the District Court. She stated specifically that the District Court still makes the determination whether or not to allow costs pursuant to Rule 39(e), FRAP.

(Doc. # 147-2, p. 2).

While it is possible that the Board submitted the affidavit as evidence that their motion was not a bad faith effort to make an end run around an alleged ruling of the Court of Appeals, the reply suggests that it was intended to persuade the court to rule in the Board's favor. The court purposely does not decide the issue raised in the Board's reply but notes what it considers the folly of relying on a consensus offered by administrative staff regarding "their interpretation" of federal law and then actually submitting "their interpretation" secondhand with the apparent belief that the court also would find it persuasive.

Notably, at least one opinion from the Court of Appeals strongly suggests that the

Because the Court of Appeals has not "order[ed] otherwise," the court concludes that the costs incurred by the Board for obtaining the trial transcript should be taxed against Worthington in accordance with Rule 39(a)(2), (e).

## CONCLUSION

Therefore, it is hereby

ORDERED that the motion to tax costs (Doc. # 144) is GRANTED, and the Clerk of the Court is DIRECTED to tax costs on appeal in the amount of $458.16 against Worthington pursuant to Federal Rule of Appellate Procedure 39(e).

DONE this17th day of April 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

administrative consensus was incorrect. ***Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Assoc.***, 117 F.3d 1328, 1340-41 (11th Cir. 1997) [hereinafter ***Golden Door***]. Distinguishable from the instant case, the ***Golden Door*** court addressed Rule 39(a)(4), which states, "[I]f a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed *only as the court orders*." Fed. R. App. P. 39 (a)(4) (emphasis added). Notwithstanding the district court's ability, pursuant to Rule 39(e)(3), to tax the costs of "premiums paid for a supersedeas bond," the district court in ***Golden Door*** declined to award such costs because the Court of Appeals's mandate did not include the premiums specifically. 117 F.3d at 1340. Thus, the district court concluded that the Court of Appeals's exercise of discretion pursuant to Rule 39(a) precluded it from acting in accordance with Rule 39(e). *Id.* The Court of Appeals affirmed. *Id.* at 1340-41.

In the future, counsel for both parties should consider focusing their legal research on more traditional, trustworthy sources.